E-FILED
Thursday, 23 August, 2018 12:31:18 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| **ANTHONY CALLIES and DOROTHY CALLIES,** )<br><br>*Plaintiffs,* )<br><br>v. )<br><br>**ADVOCATE BROMENN MEDICAL CENTER, an Illinois corporation,** )<br><br>*Defendant.* ) | Case No. _____<br><br>Plaintiffs demand trial by jury |

## COMPLAINT

Plaintiffs Anthony Callies and Dorothy Callies, by their attorneys, Richard Lee Stavins and Andrés J. Gallegos of the law firm of Robbins Salomon & Patt, Ltd., for their causes of action against defendant Advocate BroMenn Medical Center, an Illinois corporation, state as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' claims alleged herein arise under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq., the Rehabilitation Act (the "Rehabilitation Act"), 29 U.S.C. § 794, *et seq.*; and § 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), 42 U.S.C. § 18116. Declaratory relief is authorized by 28 U.S.C. §§ 2201(a) and 2202 and by Rule 57 of the Federal Rules of Civil Procedure. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

2.     Plaintiff Anthony Callies (hereinafter "Anthony") is an 81 year old male who has been profoundly deaf since birth. Anthony is a person with a disability within the meaning of all applicable statutes. Anthony's primary means of communication is American Sign Language

(ASL). Anthony has very limited ability to lip read or to write and read in the English language. Anthony is the husband of plaintiff Dorothy Callies. Anthony resides with Dorothy in Bloomington, Illinois.

3.   Plaintiff Dorothy Callies (hereinafter "Dorothy") is a 75 year old female who has been profoundly deaf since birth. Dorothy is a person with a disability within the meaning of all applicable statutes. Dorothy's primary means of communication is ASL. Dorothy has very limited ability to lip read or to write and read in the English language. Dorothy is the wife of Anthony. Dorothy resides with Anthony in Bloomington, Illinois.

4.   Defendant Advocate BroMenn Medical Center (hereinafter "BroMenn") is a duly chartered Illinois corporation. BroMenn owns, maintains and operates a hospital, which includes physicians' offices, acute care services and in-patient care, located at 1304 North Franklin Avenue, Normal, Illinois.

5.   Effective communication is critical to the patient in virtually all medical contexts. Without it, a caregiver cannot obtain complete medical histories; assess symptoms; provide for patient rights, including informed consent; develop accurate diagnoses and prognoses; develop, explain and administer procedures, medication and treatment generally; provide counseling; or otherwise ensure that patients' needs are appropriately met. Failure to ensure that deaf and hard of hearing patients can effectively communicate threatens the quality of care and, even when treatment ultimately is successful, violates legally protected rights. In enacting the ADA, Congress found that individuals with disabilities continually encounter discrimination in critical areas such as health services, including, *inter alia*, outright intentional exclusion, communication barriers, and the failure to make modifications to existing practices. 42 U.S.C. § 12101(a)(3), (a)(5).

6.     Despite its history of servicing the Bloomington-Normal community, BroMenn failed to provide plaintiffs, persons with a disability, the same quality of care as other patients, because of plaintiffs' disability. This unequal treatment occurred because, among other things: BroMenn has failed to provide adequate and appropriate auxiliary aids and services, such as qualified sign language interpreters, or other means to achieve effective communication with patients who are deaf or have hearing disabilities, and has relied either on the use of employees or agents who are unlicensed and otherwise unqualified to provide sign language interpreting services, or on patients to provide their own sign language interpreters to facilitate communication with BroMenn physicians and nurses and other staff members.

7.     BroMenn's denial to plaintiffs of full and equal access to its healthcare services manifests itself in at least two fundamental ways: (1) failure to provide appropriate auxiliary aids and services, like qualified ASL interpreters and devices, or other means to effectively communicate with patients who are deaf; and (2) inadequate policies and procedures to accommodate the plaintiffs' disability. These violations deprived the plaintiffs of the full and equal access to defendant's services and denied plaintiffs the equal opportunity to participate in Anthony's own healthcare, in violation of the ADA, the Rehabilitation Act and Section 1557.

8.     BroMenn failed to implement policies, practices and procedures that meet its enhanced federal communication access mandate, which if followed would provide plaintiffs an equal opportunity to participate in its services and in healthcare services provided to Anthony, as required by Section 1557. 45 C.F.R. § 92.202.

9.     BroMenn is a public accommodation within the meaning of the ADA, and a covered entity within the meaning of Section 1557.

10.     BroMenn participates in one or more Medicare and Medicaid healthcare plans with third-party payers and is a participating provider under Medicare and Medicaid, and is therefore a recipient of federal financial assistance within the meaning of the Rehabilitation Act and a covered entity under Section 1557.

11.     Commencing on or about April 11, 2017, and through and including April 25, 2017, Anthony became and was and continued to be an inpatient at BroMenn's hospital facility in Normal, Illinois, due to a medical condition of vertigo, for which Anthony was being treated by BroMenn, and which condition made him at risk for falling.

12.     Throughout the entirety of Anthony's inpatient stay at BroMenn's hospital facility, BroMenn failed to provide Anthony and Dorothy with an ASL interpreter or other auxiliary aids and services to allow them to communicate effectively with BroMenn's hospital staff during numerous vital medical encounters.

13.     On or about April 13, 2017, while in his inpatient room and in his bed, Anthony needed to use a washroom to perform a vital bodily function. BroMenn then and there failed to provide Anthony with appropriate and proper effective communication devices, as aforesaid. As a direct and proximate result thereof, Anthony was unable to communicate to the BroMenn staff his need to use the washroom facility and obtain the assistance of the BroMenn Staff to go to the washroom.

14.     As a direct and proximate result thereof, Anthony was compelled to attempt to go to the washroom without assistance, and due to his vertigo condition Anthony fell down onto, upon and against the hard floor surface of his room.

15.     Anthony and Dorothy reside approximately 5.1 miles from BroMenn's hospital. Given that close proximity, both Anthony and Dorothy will of necessity hereafter return to

BroMenn in the event of medical emergency, and they so intend in the event of medical emergencies.

## COUNT I

### Anthony - Violation of the Americans with Disabilities Act, 42 U.S.C. § 12131

1-15.   Anthony incorporates by reference paragraphs 1 to 15.

16.   Anthony's claims in Count I arise under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189 (the "ADA"), and its implementing regulations under Title III, applicable to public accommodations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

A.   No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

B.   It shall be discriminatory to subject an individual on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

C.   It shall be discriminatory to afford an individual, on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

D.   It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b) (2)(A)(ii); 28 C.F.R. § 36.302(a).

E.      The term "public accommodation," as used in the statute, includes hospitals. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.104.

17.     Pursuant to the statutory directive in 42 U.S.C. § 12186(b), the U.S. Department of Justice has promulgated regulations to implement Title III's broad nondiscrimination mandate with respect to covered entities. One of these regulations, titled "Auxiliary aids and services," specifies that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). Although "the ultimate decision as to what measures to take rests with the public accommodation," the public accommodation "should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication." *Id.* § 36.303(c)(1)(ii). The chosen method must "result[] in effective communication." *Id.* Moreover, to "be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." *Id.*

18.     The acts and omissions of defendant BroMenn violated and continue to violate the ADA and its implementing regulations in one or more or all of the following manners, as BroMenn has discriminated against Anthony by:

A.      Denying him the opportunity for the full and equal enjoyment of BroMenn's goods, services, facilities, privileges, advantages, or accommodations.

B.      Denying him the opportunity to participate in or benefit from BroMenn's goods, services, facilities, privileges, advantages, or accommodations.

C.      Offering or affording him services that are not equal to those services afforded to other individuals who are not deaf.

D.      Failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford BroMenn's goods, services and facilities to Anthony where such modifications would not fundamentally alter the nature of its goods, services or facilities.

E.    Intentionally failing to provide plaintiff appropriate auxiliary aids and services to achieve effective communications and to participate in his own healthcare.

F.    Otherwise having discriminated against the plaintiff because of his disability.

19.    As a direct and proximate result thereof, Anthony suffered the loss of a civil right and he sustained great bodily injury; and Anthony then and there became and was and continued to be sick, sore, lame and disabled; and he will so suffer for a long time in the future; and Anthony suffered great physical pain and mental anguish; and he will continue so to suffer for a long time in the future; and he underwent medical care and therapy at various facilities in and about endeavoring to be cured of his injuries; and he expended large sums of money and incurred great expense for such medical care; and he will be required in the future to expend large sums of money for such care; and he was unable to attend to his regular duties and occupation for a long period of time and will be unable to do so in the future; and Anthony was otherwise injured and damaged.

20.    BroMenn's conduct constitutes ongoing and continuing violations of the ADA. Unless restrained from doing so, defendant BroMenn will continue to violate the ADA. This conduct, unless enjoined, will continue to inflict injuries on Anthony, for which he has no adequate remedy at law. Therefore, pursuant to section 308 of the ADA (42 U.S.C. § 12188), Anthony is entitled to injunctive relief.

21.    Anthony is entitled to reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 12205.

WHEREFORE, plaintiff Anthony Callies prays for the following relief against defendant Advocate BroMenn Medical Center:

A.    A preliminary injunction and a permanent injunction, prohibiting defendant BroMenn from violating the ADA, 42 U.S.C. § 12181, et seq., and compelling defendant to comply with the ADA;

B.    A declaration that defendant BroMenn is operating in a manner which discriminates against the plaintiff and that defendant fails to provide communication access to the plaintiff as required by law;

C.    An award of compensatory money damages in the amount of $500,000 to compensate Anthony for the loss of his civil right and his physical and mental injuries.

D.    An award of attorneys' fees and costs; and

E.    Such other relief as the Court deems just.

## COUNT II

### Anthony - Violation of the Rehabilitation Act, 29 U.S.C. § 704

1 - 15.    Anthony incorporates by reference paragraphs 1 to 15.

16.    Anthony's claims in Count II arise under the Rehabilitation Act, 29 U.S.C. § 701

*et sequitur*, Public Law 93-112, 87 Stat. 355, as amended, and its implementing regulations, 45

C.F.R. § 84.4(a), which provide in pertinent part as follows:

A.    "No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a)

B.    An individual with a disability is "otherwise qualified" to participate in covered programs and activities if that individual "meets the essential eligibility requirements for the receipt of such services." 45 C.F.R. § 84.3(l)(4).

C.    "Program or activity" means all of the operations of an entire corporation if assistance is extended to such corporation as a whole or the corporation is principally engaged in the business of providing health care services, and any part of the corporation receives federal financial assistance. 29 U.S.C. § 794(b)(3)(A)(i) and (ii); 45 C.F.R. §84.3(k)(3)(i)(A) and (ii).

D.    "Federal financial assistance" means "any grant, loan, contract…or any other arrangement by which the Department [of Health and Human Services] provides or otherwise makes available assistance in the form of…[f]unds." 45 C.F.R. § 84.3(h).

E.    "No qualified handicapped person shall, because a recipient's facilities are inaccessible to or unusable by handicapped persons, be denied the benefits of, be excluded from participation in, or otherwise be subjected to discrimination under any program or activity to which this part applies." 45 C.F.R. § 84.21.

F.     "In providing health, welfare, or other social services or benefits, a recipient may not, on the basis of handicap: (1) Deny a qualified handicapped person these benefits or services…(3) Provide a qualified handicapped person with benefits or services that are not as effective as the benefits or services provided to others…(4) Provide benefits or services in a manner that limits or has the effect of limiting the participation of qualified handicapped persons." 45 C.F.R. § 84.52(a).

17.     BroMenn receives federal financial assistance in the form of reimbursement from the Medicare and Medicaid programs and is therefore subject to the antidiscrimination provisions of the Rehabilitation Act, as herein described.

18.     At all relevant times herein, BroMenn knew that plaintiff had federally protected rights to effective communication, and defendant's acts and omissions alleged herein violated and continue to violate the Rehabilitation Act and its implementing regulations in one or more or all of the following manners as defendant has discriminated against Anthony by:

A.     Denying him the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations.

B.     Denying him the opportunity to participate in or benefit from defendant's goods, services, facilities, privileges, advantages, or accommodations.

C.     Offering or affording him services that are not equal to those services afforded to other individuals who are not deaf.

D.     Intentionally failing to provide plaintiff appropriate auxiliary aids and services to achieve effective communications.

E.     Acting intentionally and with deliberate indifference, and knew or should have known that it had not provided the benefit of its services to plaintiff and failed to ensure its communications with Anthony were effective.

F.     Otherwise discriminating against the plaintiff because of his disability.

19.     Anthony incorporates by reference paragraph 19 of Count I.

20.     Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d), *et sequitur*] shall be available" for violations of section 504 of the

Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v.*

*Gorman*, 536 U.S. 181 (2002).

21.     Anthony is entitled to reasonable attorneys' fees and costs, pursuant to section

505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

WHEREFORE, plaintiff Anthony Callies prays for the following relief against defendant

Advocate BroMenn Medical Center:

A.      A declaration that defendant is operating in a manner which discriminates against the plaintiff, and that defendant failed to provide communication access to the plaintiff as required by law;

B.      A preliminary and permanent injunction enjoining defendant, its officers, agents, employees and all other persons in active concert or participation with it from denying persons who are deaf equal participation in, and an equal opportunity to benefit from, its services, programs and activities or otherwise subjecting individuals who are deaf to discrimination;

C.      An award of compensatory monetary damages in the amount of $500,000 to compensate Anthony for the loss of his civil right and his physical and mental injuries;

D.      An award of attorneys' fees and costs;

E.      Such other relief as the Court deems just.

## COUNT III

### Anthony - Violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116

1- 15.  Anthony incorporates by reference paragraphs 1 to 15.

16.     Anthony's claims in Count III arise under the Patient Protection and Affordable

Care Act (the "Affordable Care Act"), 42 U.S.C § 18001, *et seq.,* Pub.L. 111-148. Section 1557

of the Affordable Care Act prohibits discrimination on the basis of disability in certain health

programs and activities. 42 U.S.C. § 18116. Section 1557's implementing regulations, 45 C.F.R.

§§ 92.1 – 92.203, apply to health programs or activities administered by recipients of Federal financial assistance from the Department of Health and Human Services.

17.     The implementing regulations of Section 1557, prohibit discrimination of an individual on the basis of disability, *inter alia*, and prohibit an individual from being excluded from participation in, denied the benefits of, or otherwise be subjected to discrimination under any health program or activity. *See* 45 C.F.R. § 92.101(a)(1).

18.     The acts and omissions of BroMenn violate Section 1557 and its implementing regulations, as defendant did not take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others in health programs and activities in accordance with, or adopted a communication access policy in compliance with, the standards found at 28 C.F.R. §§ 35.160 through 35.164. 45 C.F.R. § 92.202(a).

19.     Section 1557's implementing regulations provide that the enforcement mechanisms available for and provided under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, *inter alia*, shall be available for purposes of Section 1557 as implemented by this part," and "compensatory damages for violations of Section 1557 are available in appropriate administrative and judicial actions brought under this rule". *See* 45 C.F.R. § 92.301.

20.     BroMenn's conduct constitutes ongoing and continued violations of Section 1557. Unless restrained from doing so, defendant will continue to violate Section 1557. This conduct, unless enjoined, will inflict injuries on Anthony for which Anthony will have no adequate remedy at law.

21.     Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964

[being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. Such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

22.     Anthony incorporates by reference paragraph 19 of Count I.

23.     Anthony is entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

WHEREFORE, plaintiff Anthony Callies prays for the following relief against defendant Advocate BroMenn Medical Center:

A.      A preliminary and permanent injunction enjoining defendant, its officers, agents, employees and all other persons in active concert or participation with it from denying persons who are deaf equal participation in, and an equal opportunity to benefit from, its services, programs and activities or otherwise subjecting individuals who are deaf to discrimination;

B.      A declaration that defendant is operating in a manner which discriminates against the plaintiff, and that defendant fails to provide communication access to the Plaintiff as required by law;

C.      An order upon defendant to adopt and implement a communication access policy that meets its disability nondiscrimination mandates in the Section 1557 implementing regulations, and to provide training to its applicable employees, volunteers and agents regarding same;

D.      An award of compensatory monetary damages in the amount of $500,000 to compensate Anthony for the loss of his civil right and his physical and mental injuries;

E.      An award of attorneys' fees and costs;

F.      Such other relief as the Court deems just.

## COUNT IV

### Dorothy - Violation of the Americans with Disabilities Act, 42 U.S.C. § 12131

1-15.   Dorothy incorporates by reference paragraphs 1 to 15.

16.   Dorothy's claims in Count IV arise under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189 (the "ADA"), and its implementing regulations under Title III, applicable to public accommodations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

A.   No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

B.   It shall be discriminatory to subject an individual on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

C.   It shall be discriminatory to afford an individual, on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

D.   It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

E.   The term "public accommodation," as used in the statute, includes hospitals. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.104.

17.     Pursuant to the statutory directive in 42 U.S.C. § 12186(b), the U.S. Department of Justice has promulgated regulations to implement Title III's broad nondiscrimination mandate with respect to covered entities. One of these regulations, titled "Auxiliary aids and services," specifies that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." This includes an obligation to provide effective communication to companions who are individuals with disabilities. 28 C.F.R. § 36.303(c)(1). "Companion" means *inter alia*, a family member of an individual participating in the goods, services, facilities, etc., of a public accommodation, who, along with such individual is an appropriate person with whom the public accommodation should communicate. 38 C.F.R. § 36.303(c)(1)(i). Although "the ultimate decision as to what measures to take rests with the public accommodation," the public accommodation "should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication." *Id.* § 36.303(c)(1)(ii). The chosen method must "result[] in effective communication." *Id.* Moreover, to "be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." *Id.*

18.     Dorothy remained with Anthony at his bedside throughout the vast majority of Anthony's admission to BroMenn from April 11, 2017 through April 25, 2017, leaving for a short period of time on April 13, 2017.

19.     Dorothy remained with Anthony throughout the vast majority of his hospitalization at BroMenn to attempt to assist Anthony in communication with BroMenn's doctors and nurses. Dorothy feared leaving Anthony's presence, because there were no means provided by defendant to communicate effectively with BroMenn staff.

20.     As Anthony's spouse, Dorothy was an appropriate person with whom BroMenn's doctors and nurses should communicate concerning Anthony's medical condition, health status, treatment options and other vital information. Accordingly, Dorothy was entitled herself to use of an appropriate auxiliary aid in service to communicate effectively during vital encounters.

21.     Dorothy was denied the use of an appropriate auxiliary aid in service to communicate effectively during vital encounters.

22.     The acts and omissions of defendant BroMenn violated and continue to violate the ADA and its implementing regulations in one or more or all of the following manners, as BroMenn has discriminated against Dorothy by:

A.     Denying her the opportunity for the full and equal enjoyment of BroMenn's goods, services, facilities, privileges, advantages, or accommodations.

B.     Denying her the opportunity to participate in or benefit from BroMenn's goods, services, facilities, privileges, advantages, or accommodations.

C.     Offering or affording her services that are not equal to those services afforded to other individuals who are not deaf.

D.     Failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford BroMenn's goods, services and facilities to Dorothy where such modifications would not fundamentally alter the nature of its goods, services or facilities.

E.     Intentionally failing to provide Dorothy appropriate auxiliary aids and services to achieve effective communications and participate in her husband's healthcare, as his companion.

F.     Otherwise having discriminated against Dorothy because of her disability.

23.     As a direct and proximate result of the foregoing, Dorothy suffered the loss of a civil right and Dorothy suffered great mental anguish; and she will continue to suffer for a long time in the future; and Dorothy was otherwise injured and damaged.

24.     BroMenn's conduct constitutes ongoing and continuing violations of the ADA. Unless restrained from doing so, defendant BroMenn will continue to violate the ADA. This

conduct, unless enjoined, will continue to inflict injuries on Dorothy, for which she has no adequate remedy at law. Therefore, pursuant to section 308 of the ADA (42 U.S.C. § 12188), Dorothy is entitled to injunctive relief.

25.     Dorothy is entitled to reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 12205.

WHEREFORE, plaintiff Dorothy Callies prays for the following relief against defendant Advocate BroMenn Medical Center:

A.      A preliminary injunction and a permanent injunction, prohibiting defendant BroMenn from violating the ADA, 42 U.S.C. § 12181, et seq., and compelling defendant to comply with the ADA;

B.      A declaration that defendant BroMenn is operating in a manner which discriminates against the plaintiff and that defendant fails to provide communication access to the plaintiff as required by law;

C.      An award of compensatory money damages in the amount of $50,000 to compensate Dorothy for the loss of her civil right and her mental injuries.

D.      An award of attorneys' fees and costs;

E.      Such other relief as the Court deems just.

## COUNT V

### Dorothy - Violation of the Rehabilitation Act, 29 U.S.C. § 704

1 - 15.     Dorothy incorporates by reference paragraphs 1 to 15.

16.     Dorothy's claims in Count V arise under the Rehabilitation Act, 29 U.S.C. § 701 *et sequitur*, Public Law 93-112, 87 Stat. 355, as amended, and its implementing regulations, 45 C.F.R. § 84.4(a), which provide in pertinent part as follows:

A.      "No otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 U.S.C. § 794(a)

B.  An individual with a disability is "otherwise qualified" to participate in covered programs and activities if that individual "meets the essential eligibility requirements for the receipt of such services." 45 C.F.R.§ 84.3(l)(4).

C.  "Program or activity" means all of the operations of an entire corporation if assistance is extended to such corporation as a whole or the corporation is principally engaged in the business of providing health care services, and any part of the corporation receives federal financial assistance. 29 U.S.C. § 794(b)(3)(A)(i) and (ii); 45 C.F.R. §84.3(k)(3)(i)(A) and (ii).

D.  "Federal financial assistance" means "any grant, loan, contract…or any other arrangement by which the Department [of Health and Human Services] provides or otherwise makes available assistance in the form of…[f]unds." 45 C.F.R. § 84.3(h).

E.  "No qualified handicapped person shall, because a recipient's facilities are inaccessible to or unusable by handicapped persons, be denied the benefits of, be excluded from participation in, or otherwise be subjected to discrimination under any program or activity to which this part applies." 45 C.F.R. § 84.21.

F.  "In providing health, welfare, or other social services or benefits, a recipient may not, on the basis of handicap: (1) Deny a qualified handicapped person these benefits or services…(3) Provide a qualified handicapped person with benefits or services that are not as effective as the benefits or services provided to others…(4) Provide benefits or services in a manner that limits or has the effect of limiting the participation of qualified handicapped persons." 45 C.F.R. § 84.52(a).

17.  BroMenn receives federal financial assistance in the form of reimbursement from the Medicare and Medicaid programs and is therefore subject to the antidiscrimination provisions of the Rehabilitation Act, as herein described.

18-21. Dorothy incorporates by reference paragraphs 18 to 21 of Count IV.

22.  At all relevant times herein, BroMenn knew that Dorothy had federally protected rights to effective communication, and defendant's acts and omissions alleged herein violated and continue to violate the Rehabilitation Act and its implementing regulations in one or more or all of the following manners as defendant has discriminated against Dorothy by:

A.  Denying her the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations.

B.    Denying her the opportunity to participate in or benefit from defendant's goods, services, facilities, privileges, advantages, or accommodations.

C.    Offering or affording to Dorothy services that are not equal to those services afforded to other individuals who are not deaf.

D.    Intentionally failing to provide Dorothy appropriate auxiliary aids and services to achieve effective communications and to participate in her husband's healthcare.

E.    Acting intentionally and with deliberate indifference, and knew or should have known that it had not provided the benefit of its services to Dorothy and failed to ensure its communications with Dorothy were effective.

F.    Otherwise discriminating against Dorothy because of her disability.

23.    As a direct and proximate result of the foregoing, Dorothy suffered the loss of a civil right and Dorothy suffered great mental anguish; and she will continue to so suffer for a long time in the future; and Dorothy was otherwise injured and damaged.

24.    Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d), *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

25.    Dorothy is entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

WHEREFORE, plaintiff Dorothy Callies prays for the following relief against defendant Advocate BroMenn Medical Center:

A.    A declaration that defendant is operating in a manner which discriminates against the plaintiff, and that defendant failed to provide communication access to the plaintiff as required by law;

B.    A preliminary and permanent injunction enjoining defendant, its officers, agents, employees and all other persons in active concert or participation with it from denying persons who are deaf equal participation in, and an equal opportunity to

benefit from, its services, programs and activities or otherwise subjecting individuals who are deaf to discrimination;

C.   An award of compensatory monetary damages in the amount of $50,000 to compensate Dorothy for the loss of her civil right and her mental injuries;

D.   An award of attorneys' fees and costs;

E.   Such other relief as the Court deems just.

## COUNT VI

### Dorothy - Violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116

1-15.   Dorothy incorporates by reference paragraphs 1 to 15.

16.   Dorothy's claims in Count VI arise under the Patient Protection and Affordable Care Act (the "Affordable Care Act"), 42 U.S.C § 18001, *et seq.,* Pub.L. 111-148. Section 1557 of the Affordable Care Act prohibits discrimination on the basis of disability in certain health programs and activities. 42 U.S.C. § 18116. Section 1557's implementing regulations, 45 C.F.R. §§ 92.1 – 92.203, apply to health programs or activities administered by recipients of Federal financial assistance from the Department of Health and Human Services.

17.   The implementing regulations of Section 1557, prohibit discrimination of an individual on the basis of disability, *inter alia*, and prohibit an individual from being excluded from participation in, denied the benefits of, or otherwise be subjected to discrimination under any health program or activity. *See* 45 C.F.R. § 92.101(a)(1).

18-21.   Dorothy incorporates by reference paragraphs 15 to 18 of Count IV.

22.   The acts and omissions of BroMenn violate Section 1557 and its implementing regulations, as defendant did not take appropriate steps to ensure that communications with individuals with disabilities are as effective as  communications with others in health programs

and activities in accordance with, or adopted a communication access policy in compliance with, the standards found at 28 C.F.R. §§ 35.160 through 35.164. 45 C.F.R. § 92.202(a).

23.    Section 1557's implementing regulations provide that the enforcement mechanisms available for and provided under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, *inter alia*, shall be available for purposes of Section 1557 as implemented by this part," and "compensatory damages for violations of Section 1557 are available in appropriate administrative and judicial actions brought under this rule". *See* 45 C.F.R. § 92.301.

24.    BroMenn's conduct constitutes ongoing and continued violations of Section 1557. Unless restrained from doing so, defendant will continue to violate Section 1557. This conduct, unless enjoined, will inflict injuries on Dorothy for which Dorothy will have no adequate remedy at law.

25.    Section 505(a)(2) of the Rehabilitation Act, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act. Such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

26.    As a direct and proximate result of the foregoing, Dorothy suffered the loss of a civil right and Dorothy suffered great mental anguish; and she will continue so to suffer for a long time in the future; and Dorothy was otherwise injured and damaged.

27.    Dorothy is entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

WHEREFORE, plaintiff Dorothy Callies plaintiff prays for the following relief against defendant Advocate BroMenn Medical Center:

A.    A preliminary and permanent injunction enjoining defendant, its officers, agents, employees and all other persons in active concert or participation with it from denying persons who are deaf equal participation in, and an equal opportunity to benefit from, its services, programs and activities or otherwise subjecting individuals who are deaf to discrimination;

B.    A declaration that defendant is operating in a manner which discriminates against the plaintiff, and that defendant fails to provide communication access to the Plaintiff as required by law;

C.    An order upon defendant to adopt and implement a communication access policy that meets its disability nondiscrimination mandates in the Section 1557 implementing regulations, and to provide training to its applicable employees, volunteers and agents regarding same;

D.    An award of compensatory monetary damages in the amount of $50,000 to compensate Dorothy for the loss of her civil right and her mental injuries;

E.    An award of attorneys' fees and costs;

F.    Such other relief as the Court deems just.

**ANTHONY CALLIES AND**
**DOROTHY CALLIES, Plaintiffs**

By: s/ Richard Lee Stavins
        Richard Lee Stavins, One of their
        attorneys

Richard Lee Stavins (ARDC No. 2710099) - Lead counsel
Andres J. Gallegos (ARDC No. 6212168)
**ROBBINS, SALOMON & PATT, LTD.**
*Attorneys for Plaintiffs*
180 N. LaSalle Street, Suite 3300
Chicago, IL 60601
Telephone: 312-782-9000
Fax: 312-782-6690
rstavins@rsplaw.com
agallegos@rsplaw.com